UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NELSON GILDARDO PALMA AGUIRRE, )<br><br>Petitioner, )<br><br>v. )<br><br>ANTONE MONIZ et al., )<br><br>Respondents. ) | Civil No. 26-11927-LTS |

ORDER ON MOTION TO ENFORCE JUDGMENT (DOC. NO. 12)

May 21, 2026

SOROKIN, J.

Before the Court is a motion by Nelson Gildardo Palma Aguirre, the petitioner in this

immigration habeas case, seeking to enforce the Court's previous Order allowing the petition.

Doc. No. 12. The motion is ALLOWED for the reasons and to the extent described herein.

On May 1, 2026, this Court ordered the respondents to provide Palma Aguirre the

following relief:

> Respondents shall release Petitioner by 6 PM on May 8, 2026, unless he is provided
> a bond hearing under 8 U.S.C. [§] 1226(a) before that time. . . . The burdens of
> proof at any bond hearing are as resolved by the First Circuit in Hernandez-Lara[v.
> Lyons, 10 F.4th 19 (1st Cir. 2021)], and should the immigration judge find that the
> government has met its burden of proof as to flight or danger, they shall consider
> whether any condition, combination of conditions, or less-restrictive alternative to
> detention would ameliorate such risk.

Doc. No. 9. An immigration judge ("IJ") convened a bond hearing on May 7, 2026, at which she

denied bond upon a finding that Palma Aguirre "is a danger to the community by clear and

convincing evidence." Doc. No. 10-1 at 2. A few days later, Palma Aguirre filed the motion

now pending, arguing that the bond hearing did not comport with the Court's Order. Doc. No.

12.  His motion was accompanied by exhibits including all evidence presented to the IJ by the respondents and Palma Aguirre.  Doc. Nos. 12-2, -3.

Rather than oppose the motion, the respondents filed a short memorandum in which they conceded "the digital audio recording of the bond hearing" confirms that "the IJ failed to consider—as ordered by this Court—'whether any condition, combination of conditions, or less-restrictive alternatives to detention would ameliorate' [the] risk of danger to the community" the IJ found the petitioner posed.  Doc. No. 14 at 1.  The Court has listened to the recording, which establishes that the bond hearing held in this case failed to comply with the Court's order—and the Constitution's due process guarantee—twice over.

First, as the respondents concede, the IJ did not consider alternatives to detention as required by this Court's order, Doc. No. 9, and the Constitution, see Costa v. McDonald, No. 25-cv-13469-AK, 2026 WL 371198, at *2–3 (D. Mass. Feb. 10, 2026) (holding that, by failing to consider alternatives, "the Government failed to provide Petitioner with constitutionally sufficient procedure" and discussing supporting caselaw).  The basis for the IJ's finding that Palma Aguirre poses a danger to the community by clear and convincing evidence was a single police report describing a recent arrest on domestic-assault charges (of which Palma Aguirre has not been convicted).  See Doc. No. 12-2.  Palma Aguirre's lawyer emphasized to the IJ that a state-court judge had recently evaluated whether Palma Aguirre posed a danger in the wake of those charges, determined that any danger would be alleviated by payment of bond and a stay-away order, and released Palma Aguirre on those conditions pending trial.  See Doc. No. 12-3 at 83–85.  The IJ altogether failed to acknowledge that argument, let alone address whether those (or any other) conditions would mitigate the risk of danger she found.  Though this Court had

2

expressly required consideration of alternatives to detention, the respondents failed to ensure compliance with that directive during the bond hearing.

Second, the IJ failed to meaningfully engage with the petitioner's substantial evidentiary submissions and detailed arguments in support of his request for bond. See Doc. No. 12-3. He submitted approximately 100 pages' worth of exhibits, including: a sworn affidavit by Palma Aguirre disputing the alleged victim's claims, denying he had committed an assault at all, and providing context for the incident leading to his criminal charges, id. at 5–9; numerous letters expressing support for Palma Aguirre, from his three minor children and various members of the community, id. at 19–44, 90–97, 100–01; and federal income-tax returns for five recent years, id. at 55–81. As this Court has noted in other recent orders resolving similar motions, adjudicating whether to detain or release another person is one of the more serious matters resolved by judges. It requires review and consideration of all relevant evidence submitted. Here, the record (including the recording of the bond hearing) shows that the IJ rested her denial of bond on a few select portions of a single police report—without mentioning, let alone indicating that she had evaluated, Palma Aguirre's ample collection of exhibits.[1] In this regard, the IJ's decision echoed the respondents' presentation at the bond hearing concerning danger, which also focused exclusively on the police report without contesting or accounting for any of the evidence offered by Palma Aguirre (despite the fact that the respondents bore the burden of proof at the hearing).

---

[1] This is the third case this Court has encountered recently in which the same IJ denied a person bond after a proceeding that was constitutionally deficient, for similar reasons. See Order, Mijango Velasco v. Wesling, No. 26-cv-11355-LTS (D. Mass. Apr. 24, 2026), ECF No. 19; Order, Rogerio Ramos v. Moniz, No. 26-cv-11388-LTS (D. Mass. Apr. 27, 2026), ECF No. 19. In each case, the IJ found a danger to the community by clear and convincing evidence on the basis of police reports unsupported by witness testimony or other exhibits, even though no charges had led to convictions, while simultaneously giving no consideration at all to fulsome evidence presented by the petitioners seeking bond.

As noted above, the relief ordered in this case required the respondents to do one of two things by May 8, 2026: either provide a bond hearing that accorded with this Court's order and the Constitution's due process guarantee, or release Palma Aguirre.  Doc. No. 9.  The record establishes that the respondents here did neither—and they admit as much.  Accordingly, Palma Aguirre's motion to enforce is ALLOWED, leaving only the question of relief.

A full week after the May 8 deadline set by the Court, and several days after Palma Aguirre raised via his motion the deficiencies that rendered his bond hearing constitutionally inadequate, the respondents filed with the IJ what they titled a "motion to reconsider" her bond decision.  Doc. No. 14-1 at 1–5.  Neither the filing of that motion nor the IJ's subsequent response to it cure the respondents' failure to timely provide the relief ordered by this Court.

For one thing, the respondents took no action to ensure compliance with this Court's order before the deadline for doing so had passed, nor did they request additional time in which to do so.  They also did not explain or justify—and still have not explained or justified—their failure or inability to provide the ordered relief in a timely fashion.

Furthermore, the motion the respondents filed with the IJ did not, in substance, actually seek reconsideration of the denial of bond.  Rather, it speculated that the IJ's failure to consider alternatives was "an inadvertent oversight," then asked the IJ to provide "a more complete written decision" denying bond and explaining why no alternative to detention would suffice.  Doc. No. 14-1 at 4.  In other words, the motion asked the IJ to belatedly explain a finding the record shows the IJ never made.  That the IJ did not make such a finding is only underscored by her subsequent written elaboration on her decision.[2]  Doc. No. 15-1.  She wrote:

---

[2] The written decision also underscores the IJ's failure to consider Palma Aguirre's evidence. Besides noting that Palma Aguirre's exhibits "were admitted into the bond record," Doc. No. 15-1 at 2–3, the written decision entirely disregards his evidence.  The Court also notes that, though

4

Although not argued by the parties, the Court <u>now</u> also finds that there is no other condition, or combination of conditions or less restrictive alternative that would ameliorate the respondent's risk of danger to the community based on the respondent's very recent criminal arrest.

<u>Id.</u> at 3 (emphasis added).  This confirms that the bond hearing did not conform to this Court's Order, and that the IJ only later ("now") addressed alternatives to detention.  It also shows that the respondents have yet to cure their failure to comply, as the IJ's cursory statement makes clear that she still has not meaningfully considered alternatives to detention.  The Court's Order, and the Constitution, require more.

Accordingly, **the respondents shall RELEASE the petitioner immediately, no later than 6 PM today, May 21, 2026.**  This order is without prejudice to the respondents requiring the petitioner to comply with reasonable conditions of supervision upon his release, provided such conditions are identified and imposed within seven days of this Order.  The respondents shall, by May 28, 2026, file a status report confirming their compliance with this Order.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

the IJ implied Palma Aguirre had not "provide[d] an accurate summation of what transpired" in the bond hearing and suggested she had "provided [a] detailed analysis in [her] oral decision," the audio recording of the bond proceeding belies those characterizations.

5